**William M. STAPLETON Jr., Plaintiff,**

v.

**UNITED TRANSPORTATION UNION, et al., Defendants.**

**Civ. A. No. 92–447–2–MAC (WDO).**

United States District Court,
M.D. Georgia,
Macon Division.

Dec. 10, 1992.

S. Phillip Brown, Macon, GA, for plaintiff.

Edward Scott Sell, III, Macon, GA, Clinton J. Miller, III, Cleveland, OH, for defendant.

## ORDER

OWENS, Chief Judge.

William M. Stapleton, Jr. ("plaintiff") moves this court to enter a preliminary injunction enjoining the rerun election for the position of State Director for the Georgia Legislative Board of defendant United Transportation Union ("UTU"), to which plaintiff was duly elected on February 25, 1992.

## FACTS

Plaintiff was first elected State Director for the Georgia Legislative Board of UTU in 1988 for a four-year term. On February 25, 1992, UTU conducted regularly scheduled elections for several offices in accordance with its constitution and bylaws. In the race for State Director of the Legislative Board, plaintiff defeated intervenor Roger Griffeth by the narrow margin of nine (9) votes to eight (8) votes. Thereafter, Griffeth challenged the election results by filing a complaint with the UTU International President, Tom DuBose. DuBose refused to overturn the results of the election.

On April 27, 1992, Griffeth filed an appeal with the UTU Board of Directors (the "Board"). In a letter dated May 12, 1992, the Board informed Griffeth that they had accepted his appeal and would hear it at the next regularly scheduled meeting (October of 1992). Shortly thereafter, Griffeth filed a complaint with the United States Department of Labor alleging violations of the Labor Management Reporting and Disclosure Act of 1959, as amended ("LMRDA").

On September 29, 1992, the Secretary of Labor determined that investigation of Griffeth's complaint failed to disclose any violations of the LMRDA which may have affected the outcome of the February 25, 1992, election. Seven days later the Board convened and heard Griffeth's appeal, which was unchallenged by plaintiff. The Board decided to sustain Griffeth's appeal and ordered a new election. No findings of fact were issued by the Board.

Pursuant to the Board's directives, a rerun election was scheduled for October 30, 1992. Plaintiff filed the instant lawsuit in the Superior Court of Bibb County, Georgia, seeking a temporary restraining order enjoining the rerun election of the February 25, 1992, elections for State Director of the Georgia Legislative Board. Bibb Superior Court Judge Hal Bell issued a temporary restraining order on November 2, 1992, enjoining the rerun election.

The case was thereafter removed to this court, which allowed Roger Griffeth to intervene as a party-defendant.

## DISCUSSION

Intervenor Griffeth proceeded under the enforcement provisions of Title IV of the LMRDA, 29 U.S.C. § 481, *et seq.* Section 482(a) provides, in pertinent part, that:

A member of a labor organization—

(1) who has exhausted the remedies available under the constitution and by-laws of such organization and of any parent body, or

(2) who has invoked such available remedies without obtaining a final decision within three calender months after their invocation,

may file a complaint with the Secretary within one calendar month thereafter alleging the violation of any provision of section 481 of this title (including violation of the constitution and bylaws of the labor organization pertaining to the election and removal of officers)....

■ Under § 482(a), an aggrieved member must exhaust his administrative remedies. He may either await final decision of those remedies, or after three months, file a complaint with the Secretary. The court concludes that Griffeth should have awaited the Board's final decision. If dissatisfied, he then had one month thereafter to file a complaint with the Secretary. By filing his formal complaint with the Department of Labor prior to the Board's decision, Griffeth elected his remedy and is thereby bound by the Secretary's determination.

■ The Secretary of Labor found no violation of the LMRDA. In reviewing the Secretary's decision, the standard the court applies is limited and deferential. "Except in what must be the rare case, the court's review should be confined to examination of the reasons statement, and the determination whether the statement, without more, evinces that the Secretary's decision is so irrational as to constitute the decision arbitrary and capricious." *Dunlop v. Bachowski,* 421 U.S. 560, 572–73, 95 S.Ct. 1851, 1860–61, 44 L.Ed.2d 377 (1975). The court concludes that the Secretary of Labor was not arbitrary and capricious in finding no violations of the LMRDA.

To obtain a preliminary injunction, plaintiff must show the following:

1) There is a substantial likelihood that plaintiff will prevail on the merits at trial;

2) Plaintiff would suffer irreparable harm if the preliminary injunction is not granted;

3) The injury to plaintiff outweighs any harm the preliminary injunction will cause to defendants; and

4) The preliminary injunction will not be adverse to the public interest.

*All Care Nursing Service, Inc. v. Bethesda Memorial Hosp., Inc.,* 887 F.2d 1535,

1537 (11th Cir.1989). That plaintiff is likely to prevail on the merits has already been established by the Secretary of Labor. Plaintiff clearly will be harmed if the rerun elections are not enjoined. Furthermore, enforcement of the initial election results that the Secretary of Labor has reviewed and approved furthers the goals of the LMRDA.

Consequently, the court concludes that a preliminary injunction enjoining the rerun election should be issued. Let the Secretary of Labor be given immediate notice of this order and be invited to intervene.

IT IS HEREBY ORDERED THAT:

Defendants, their officers, agents, and representatives are preliminarily enjoined from interfering with the results of the February 25, 1992, election which have been reviewed and approved by the Secretary of Labor until further order of this court. Plaintiff is not required to post a bond.

Let a copy of this court order be served upon the parties and Secretary of Labor.

SO ORDERED.